ELMORE v. STATE.*

(In Banc.　June 7, 1926.)

[108 So. 722.　No. 25501.]

1. HOMICIDE.

Insanity of person accused of murder presents question of fact for jury, on conflicting evidence.

2. HOMICIDE.

Testimony that accused had sold liquor prior to homicide *held* competent on issue of accused's sanity.

3. CRIMINAL LAW.

Supreme Court cannot consider question of improper argument by district attorney, in absence of bill of exceptions showing what was said.

4. CRIMINAL LAW.

Improper argument by district attorneys should be embodied in bill of exceptions in order to be reviewed by the Supreme Court.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 138, n. 47; p. 170, n. 12; Homicide, 30CJ, p. 223, n. 55, 56 New; p. 304, n. 54; p. 310, n. 25; p. 332, n. 43.

APPEAL from circuit court of Sharkey county.
HON. E. L. BRIEN, Judge.

Jack Elmore was convicted of murder, and he appeals. Affirmed.

*T. J. Lawrence,* for appellant.

I.　The burden of proving the sanity of defendant at the time of the homicide was upon the state; and if from

the evidence or want of evidence the state failed to meet this required burden and failed to prove beyond all reasonable doubt and to a moral certainty that said defendant was sane at the time of the slaying of the deceased, then it was the duty of the jury to acquit the defendant. From the testimony offered by the state, we are of the opinion that the state wholly failed to meet this required burden, since the testimony adduced at the trial was sufficient to raise a reasonable doubt as to the sanity of the defendant. The verdict of the jury was wholly contrary to the law and the evidence.

No witness testified positively that the said defendant was not mentally deranged at the time of the commission of this crime. The testimony offered by the defendant, we think, was sufficient to raise a reasonable doubt in the mind of the jury.

II. The court permitted inadmissible testimony, properly objected to by defendant, to get to the jury. When Mrs. Elmore was interrogated over the objection of counsel for the defendant, it was plainly shown by the evidence that this act of running a notorious dive at the Hole in the Wall near Snave, Mississippi, was some two years prior to the murdering of the deceased. The testimony herein shown was relative to the manufacture of whiskey. The defendant herein was charged with the crime of murdering J. W. Wheeler on March 21, 1925, and was not charged with the manufacture nor the sale of liquors two years before.

This testimony had a material bearing upon the minds of the jury in arriving at their verdict, and in consideration of this inadmissible evidence had a damaging effect upon the cause of said defendant. In *Raines* v. *State,* 81 Miss. 489, 33 So. 19, it is stated that evidence should be confined to the issue joined and in criminal cases it should be directed exclusively to the transaction on which the indictment is predicated. See, also, *Keel* v. *State,* 97 So. 521.

The facts of this case will not bring it within exceptions to the general rule. The other crime proved was not a part and parcel of the *res gestae.* The two did not constitute one single transaction; and the other crime proved had no tendency to show, and did not show, the motive of appellant in the commission of this atrocious crime.

The general rule in all criminal transactions is, that evidence of the crime, other than the crime upon which the defendant is being tried, is inadmissible and if it be doubtful whether such evidence falls within any of the exceptions to the general rule, it should be excluded. *Dabney* v. *State,* 82 Miss. 252, 33 So. 973; *Whitlock* v. *State,* 6 So. 237. See, also, 81 Miss. 489; 106 Miss. 613.

III. Improper argument of district attorney to jury, which argument was out of the record, was manifest error. We confess to the court that it was incumbent upon the defendant to request or take a bill of exceptions to such argument, but we failed so to do; however, we desire to submit to the court this improper argument of the district attorney, and request that the court shall duly consider same, referring the court's attention to *Garner* v. *State,* 83 So. 83.

Manifestly, the district attorney went out of the record in the argument of this case, and in so doing he appealed to the prejudice and passion of the jury. This improper argument will fully warrant a reversal of this case.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. It is alleged that "The verdict of the jury was wholly contrary to the law and the evidence in said case." Upon being arraigned, defendant plead not guilty by reason of insanity. There is no contention that the crime was not murder; there is no contention that appellant is not the party who committed the murder.

The proof for the state fully establishes these facts. The only controverted issue is whether the defendant was or was not insane.

In *Smith* v. *State*, 95 Miss. 786, at 790, this court states the law as follows: "In *Commonwealth* v. *Rogers, supra,* SHAW, C. J., said: 'A man is not to be excused from responsibility if he has capacity and reason sufficient to enable him to distinguish between right and wrong as to the particular act he is doing; a knowledge and consciousness that the act he is doing is wrong and criminal, and will subject him to punishment.' "

To show that appellant was insane, the defense proved that he wore leather leggins; cuffs and hat band; that he carried his watch in a small leather case in his pocket; that he planted cotton in March; that he was not particular about the rows being straight or whether the cotton was planted exactly on top of the row; that he attached his cotton planter to a stalk cutter and rode while he planted cotton. The evidence introduced may indicate carelessness or laziness, but not insanity. No witness, not even appellant's wife, testified that his conduct about the time of the tragedy was different from what it had been or that it was in any way unusual. The testimony was not sufficient to take the issue of the sanity of the defendant to the jury.

While the proof was insufficient to go to the jury on the issue of insanity, yet the instructions granted the defendant allowed the jury the broadest latitude imaginable to acquit the defendant on this issue. These instructions are much more favorable to defendant than the law is in this state. *Smith* v. *State,* 95 Miss. 787.

II.  The evidence objected to was properly admitted. An examination of the cases cited by counsel discloses the fact that in all of them the issue was the guilt or innocence of the accused. In the instant case the only controverted issue is the sanity or insanity of the accused.

We submit that the testimony was admissible under the authority of *Smith* v. *State,* supra.

III. Counsel assigns as error the fact that the district attorney went out of the record. In order to support this assignment, he goes out of the record. He admits that he did not take a bill of exceptions to argument of counsel to the jury in the case; that it was incumbent upon him to do so; that the alleged remarks of the district attorney are not a part of the record. We submit that this assignment cannot be considered by this court because the alleged remarks of the district attorney are not a part of the record.

Argued orally by *T. J. Lawrence,* for appellant, and *J. A. Lauderdale,* for the state.

HOLDEN, J., delivered the opinion of the court.

Jack Elmore appeals from a conviction on a charge of murder and sentence to death.

We see no good reason for setting out the evidence in this case because the brutal murder is not denied, but the defense of insanity was pleaded in avoidance. It is urged by counsel for the appellant that the testimony in the case shows conclusively that the appellant was insane at the time of the commission of the deed; that the admission by the court of certain testimony obtained by the district attorney on cross-examination, showing that appellant had sold liquor prior to the homicide, was error, and that the district attorney indulged in improper argument before the jury.

On the point that the testimony in the case conclusively showed that the appellant was insane at the time of the killing, we are unable to agree with this contention. We have carefully examined the evidence in the record, and it is our view that the testimony offered to show insanity was abundantly contradicted by testimony show-

ing, that appellant was sane at the time of the homicide. This was purely a question of fact for the jury to decide, and they found that appellant was sane when he committed the act.

The objectionable testimony complained of was competent on the issue of sanity in the case. See *Smith* v. *State,* 95 Miss. 786, 49 So. 945, 27 L. R. A. (N. S.) 461 Ann. Cas. 1912A, 23. We here quote from that case as follows:

"On the cross-examination of the defendant he was asked, and permitted to testify over his objection, to his conduct in several fights which he had had with various parties at various times, when there was no pretense of his not being sane. Other witnesses testified, over defendant's objection, to this conduct also. This action of the court is also assigned as error. This evidence was relevant to the issue and perfectly competent. Where the defense is insanity, general or partial, the door is thrown wide open for the admission of evidence; every act of the party's life is relevant to the issue and admissible in evidence. 1 Wigmore on Evidence, section 228, and authorities there cited; *State* v. *Jones,* 50 N. H. 369, 9 Am. Rep. 242."

The other ground urged by appellant for reversal, that the district attorney damaged the case of appellant by improper argument to the jury, we are unable to consider, for the reason that no bill of exceptions was taken showing what the district attorney said to the jury, and consequently the point is not presented to us on this appeal. Improper argument by district attorneys should be embodied in a bill of exceptions in order to be reviewed by this court on appeal.

From our examination and study of the record, we are unable to say that any substantial error was committed against the defendant in the court below. It appears that he received a fair and impartial trial on the question of insanity, the murder being denied, and the jury, upon sufficient testimony, decided the issue against the

appellant, and we see no reason to disturb this finding of fact.

In view of the above conclusions, the judgment of the lower court is affirmed, and Friday, July 16, 1926, is set for the day of execution.

*Affirmed.*